IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**
APR 26 2013
J T NOBLIN CLERK
BY_____ DEPUTY

| | |
|---|---|
| AMERICAN CIVIL RIGHTS UNION, <br> in its individual and corporate capacities, <br><br> *Plaintiff*, <br><br> v. <br><br> JEFFERSON DAVIS COUNTY, <br> MISSISSIPPI ELECTION COMMISSION, <br> *Defendant*. <br><br> **Serve: Carolyn Rhodes, Chair** <br> 363 Golden Pine Road <br> Prentiss, MS 39474 | Civil Action No. 2:13cv87KS-MTP |

## COMPLAINT

Plaintiff, by its attorneys, brings this action for violations of Section 8 of the National Voter Registration Act of 1993 ("NVRA"), 42 U.S.C. §1973gg-6, *et. seq.*

1. Plaintiff seeks declaratory and injunctive relief to compel Defendant's compliance with Section 8 of the NVRA. Specifically, Defendant has violated Section 8 by failing to make a reasonable effort to conduct voter list maintenance programs in elections for federal office and by failing to produce records and data related to those efforts, as required by Section 8. Plaintiff seeks injunctive relief commanding Defendant to permit inspections of election records pursuant to 42 U.S.C. §1973gg-6(i)(1). Plaintiff also seeks a declaration and an injunction requiring Defendant to conduct and execute effective voter list maintenance programs in a manner that is consistent with federal law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as the action arises under the laws of the United States. This Court also has jurisdiction under 42 U.S.C. §1973gg-9(b)(2), as the action seeks injunctive and declaratory relief under the NVRA.

3. Venue in this Court is proper under 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

4. Plaintiff American Civil Rights Union, Inc., ("ACRU") is a non-profit corporation, incorporated in the District of Columbia, which promotes election integrity, compliance with federal election laws, government transparency and constitutional government. Plaintiff ACRU brings this action in its individual and corporate capacities and also on behalf of members who are registered to vote in the State of Mississippi.

5. The Defendant, Jefferson Davis County, Mississippi Election Commission, is a body created by Miss. Code Ann. §23-15-211 (Supp.2012).

6. Multiple Mississippi statutes vest power in the Defendant to maintain voter rolls and place responsibility on the Defendant to ensure that only eligible voters are on the rolls. Miss. Code Ann. §23-15-153(1) (Supp. 2012) mandates "[e]xcept for the names of those persons who are duly qualified to vote in the election, no name shall be permitted to remain on the registration books and pollbooks." Furthermore, Miss. Code Ann. §23-15-153(1) specifically requires the Defendant to "carefully revise the registration books and the pollbooks of the several voting precincts, and shall erase from those books the names of all persons erroneously on the books, or who have died, removed or become disqualified as electors from any cause." Miss.

Code Ann. §23-15-165(2) (1972, as amended) requires the Defendant to "enhance the maintenance of accurate county voter records."

## FACTUAL BACKGROUND

7. Defendant has a federal obligation to maintain accurate and current voter rolls which only contain the names of eligible voters residing in Jefferson Davis County. Federal law requires "local election officials [to] perform list maintenance with respect to the computerized [state] list on a regular basis." 42 U.S.C. §15483(a)(2)(A). Moreover, Section 8 of NVRA requires Defendant to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of – (A) the death of the registrant; or (B) a change in the residence of the registrant . . ." 42 U.S.C. §1973gg-6(a)(4). Local election officials such as the Defendant are specifically obliged to carry out these list maintenance duties and remove ineligible voters from the rolls pursuant to 42 U.S.C. §1973gg-6(d)(3).

8. Section 8 of the NVRA also requires that Defendant shall "complete, not later than 90 days prior to the date of a primary or general election for Federal office, any program the purpose of which is to systematically remove the names of ineligible voters." 42 U.S.C. §1973gg-6(c)(2)(A). Section 8 of the NVRA mandates that any such list maintenance programs or activities "shall be uniform, nondiscriminatory, and incompliance with the Voting Rights Act of 1965 (42 U.S.C. §1973 *et seq.*)." 42 U.S.C. §1973gg-6(b)(1).

9. Also pursuant to Section 8 of the NVRA, Defendant" shall maintain for at least 2 years and shall make available for public inspection . . . all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters. . . ." 42 U.S.C. §1973gg-6(i).

10. Voter rolls maintained by the Defendant for Jefferson Davis County contain more voters registered to vote than citizens eligible to vote. In 2013, just after the November 2012 federal election, Jefferson Davis County, Mississippi had 10,078 registered voters, despite having a voting age population of only 9,536 according to the 2010 United States Census. More than 105 percent of living citizens old enough to vote were registered to vote in Jefferson Davis County in 2013. Defendant is responsible for allowing this circumstance to occur. By failing to implement a program which takes reasonable steps to cure these circumstances, Defendant has violated NVRA and other federal list maintenance statutes.

11. State election officials have repeatedly demanded that the Defendant cure this circumstance, but the Defendant has failed to implement a reasonable program to ensure compliance with NVRA and other federal list maintenance statutes. Mississippi law provides no mechanism (such as a private right of action or power to place the Defendant in receivership for dereliction of list maintenance obligations) for compliance with federal law if Defendant refuses to exercise ministerial powers to ensure the voter rolls contain only the names of eligible and living voters. The only state remedy the citizens of Mississippi have to cure this circumstance is to vote the members of an election commission out of office, an electoral remedy which would be tainted by ineligible persons being eligible to participate in that very election.

12. The failure of the Defendant to comply with its obligations under federal voter registration laws has undermined the confidence of Mississippi's properly registered voters in the integrity of the voter registration rolls and, accordingly, in the integrity of elections held in the State of Mississippi. Election fraud has affected election results in Jefferson Davis County, Mississippi, including the contest for Circuit Court Clerk in 2007. Circuit Judge Forrest Johnson of Natchez determined at least 26 cases of voting irregularities occurred in that contest, including

4

one instance where a vote was cast in the name of a voter who had died. *See also*, Noel, Apr. 5, 2005, A.G. Op. 05-0129. (Failure to properly purge rolls "could result in fraudulent use of names... which could affect validity of election.")

13. On January 4, 2013, through undersigned counsel, ACRU on its own behalf, and on behalf of members of ACRU who are registered to vote in the State of Mississippi, sent a statutory notice letter to Carolyn Rhodes, Chairman of the Defendant Jefferson Davis County Election Commission notifying her that the Defendant was in violation of federal voter registration laws. The letter explained that, according to 2010 Census information and publicly available voter registration data, Jefferson Davis County had more registered voters on the official list of registered voters than the county had citizens eligible to vote. The letter, *inter alia*, stated: "Simply, Jefferson Davis County has significantly more voters on the registration rolls than it has eligible live voters. The most recent data show that Jefferson Davis has 10,078 active voters but a voting age eligible population of only 9,536."

14. The January 4, 2013 letter also sought a variety of publicly available information which would tend to indicate whether or not the Defendant was in compliance with NVRA and other federal laws. Among the data requested were current registration data, the numbers of voters purged pursuant to maintenance obligations, the number of notices sent to inactive voters, the number of voters removed due to criminal conviction, and the most recent number of registered voters.

15. The January 4, 2013 letter also requested that the Defendant make available for public inspection all records concerning "the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency" of official lists of eligible

voters, explaining that the Defendant was required to make such records available under Section 8 of the NVRA.

16. The January 4, 2013 letter also notified Defendant that a lawsuit may be brought against them to ensure compliance with the requirements of federal voter registration laws.

17. The Defendant never responded to the January 4, 2013 notice letter.

### PLAINTIFF ACRU

18. Plaintiff ACRU is a corporation with individual members and supporters. Members and supporters enable the mission of ACRU and some make financial contributions to support this mission.

19. An essential and core mission of the Plaintiff is to foster compliance with federal election laws, promote election integrity and ensure that only eligible voters may participate in American election so as prevent dilution of legitimate votes by illegal votes.

20. Plaintiff has members and supporters in the State of Mississippi. Plaintiff's members and supporters in the State of Mississippi are registered to vote in the State of Mississippi. These members share Plaintiff's interest in the accuracy and currency of official lists of eligible voters in the State of Mississippi, as the accuracy and currency of these lists directly affects their right to vote.

21. Defendant's actions and omissions have injured and continue to cause injury to members and supporters of Plaintiff who are registered to vote in the State of Mississippi because they are undermining their confidence in the integrity of the electoral process and the effectiveness of their vote.

22. It is unlikely that any individual supporter would have the ability or the resources to take action to protect their individual interests or redress the injury to their right to vote absent collective action by Plaintiff.

23. Plaintiff itself has been and continues to be harmed by the refusal of Defendant to provide substantive responses to requests for election data and the rights to inspect election records concerning the Defendant's voter list maintenance programs and activities, an issue of substantial public importance especially in an election year. Not only has the refusal of Defendant denied Plaintiff the ability to obtain records and data about an issue of substantial public importance, but it also is preventing Plaintiff from analyzing such records and information and disseminating its findings to the public. Consequently, Defendant is injuring the ability of Plaintiff to carry out its public interest mission.

24. As an integral part of its public interest mission, Plaintiff disseminates information about compliance by state and local officials with federal election statutes, including election integrity statutes. A central activity of the Plaintiff is to promote election integrity and compliance with federal and state statutes which ensure the integrity of elections. Defendant's violation of NVRA has impaired and will impair Plaintiff from carrying out this public interest mission. Plaintiff itself has been harmed by Defendant's noncompliance with the NVRA

## COUNT I

### (Violation of the NVRA: Failure to Conduct List Maintenance)

25. Plaintiff realleges paragraphs 1 through 24 as if fully stated herein.

26. Defendant has failed to make reasonable efforts to conduct voter list maintenance programs, in violation of Section 8 of NVRA, 42 U.S.C. §1973gg-6 and 42 U.S.C. §15483(a)(2)(A).

27. Plaintiff has suffered an irreparable injury as a direct result of Defendant's violation of Section 8 of the NVRA and 42 U.S.C. §15483(a)(2)(A). Defendant's failure to comply with the NVRA has aggrieved plaintiff by impairing its essential and core mission of fostering compliance with federal election laws, promotion of election integrity and avoiding vote dilution when ineligible voters participate in elections.

28. Plaintiff's members and supporters in Mississippi will continue to be injured by Defendant's violations of Section 8 of the NVRA because confidence in the legitimacy of elections in Mississippi will be undermined and burden their right to vote unless and until Defendant is enjoined from continuing to violate the law.

29. Plaintiff has no adequate remedy at law.

## COUNT II

### (Violation of the NVRA: Failure to Produce Records and Data)

30. Plaintiff realleges paragraphs 1 through 29 as if fully stated herein.

31. Defendant has failed to respond to Plaintiff's written request for data, failed to produce and otherwise failed to make records available to Plaintiff concerning Defendant's implementation of programs and activities for ensuring the accuracy and currency of official lists of eligible voters for Jefferson Davis County, in violation of Section 8 of the NVRA, 42 U.S.C. §1973gg-6.

32. Plaintiff has suffered an irreparable informational injury as a direct result of Defendant's violation of Section 8 of the NVRA because the Plaintiff does not have the data and records requested. The NVRA confers upon Plaintiff an individual right to information, and by denying that information to Plaintiff, Defendant caused a concrete injury to Plaintiff.

8

33. Plaintiff will continue to be injured by Defendant's violations of Section 8 of the NVRA unless and until Defendant is enjoined from continuing to violate the law.

34. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment:

1. Declaring that Defendant is in violation of Section 8 of the NVRA;

2. Enjoining the Defendant from failing or refusing to comply with the voter registration list maintenance requirements of Section 8 of the NVRA in the future;

3. Ordering the Defendant to pay Plaintiff's reasonable attorney's fees, including litigation expenses and costs, pursuant to 42 U.S.C. §1973gg-9(c); and

4. Granting Plaintiff further relief that this Court deems just and proper.

Dated: April 26, 2013

Respectfully submitted,

/s/ Henry Ross

Henry Ross
P.O. Drawer B
Eupora, Mississippi 39744
(662) 552-5603
henryross7@att.net
Mississippi State Bar No. 5687

J. Christian Adams
ELECTION LAW CENTER, PLLC.
300 N. Washington Street, Ste. 405
Alexandria, Virginia 22314
(703) 963-8611
(703) 740-1773
adams@electionlawcenter.com
*Pro Hac Vice application to be filed*

H. Christopher Coates
934 Compass Point
Charleston, South Carolina 29412
(843) 609-7080
curriecoates@gmail.com
*Pro Hac Vice application to be filed*

Attorneys for Plaintiff