IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

AMERICAN CIVIL RIGHTS UNION,
in its individual and corporate capacities                                                        PLAINTIFF

vs.                                                                    Civil Action No. 2:13-cv-87-KS-MTP

JEFFERSON DAVIS COUNTY, MISSISSIPPI
ELECTION COMMISSION                                                                            DEFENDANT

ANSWER OF JEFFERSON DAVIS COUNTY ELECTION COMMISSION

The Jefferson Davis County Election Commission, through counsel, answers the Complaint exhibited herein against it as follows:

I. First Defense

The Complaint fails to state a claim upon which relief can be granted.

II. Second Defense

The plaintiff has failed to demonstrate standing, or is without standing, to prosecute this action.

III. Third Defense

This action is superfluous and unnecessary. The defendant regularly purges voter rolls, and is continuously engaged in the process of maintaining voter rolls in accordance with legal requirements. The process will never be complete so long as voters die, move out of the county, or otherwise become disqualified from voting in the county. After it is established that persons should be removed from the voter rolls, the defendant does not allow such persons to remain on the voter rolls.

1

### IV. Fourth Defense

There is no legally established numerical standard or other standard which renders a level of voter roll maintenance as lawfully sufficient or lawfully insufficient. The process of maintaining voter rolls is never complete, and the rolls are never perfect or completely current. Accordingly, the plaintiff can establish no liability against the defendant herein.

### V. Fifth Defense

The defendant responds to the allegations of the Complaint by numbered paragraph as follows:

1. It is admitted that plaintiff seeks the relief it listed. The remainder of the allegations are denied.

2. Jurisdiction is admitted, but it is denied that any "events or omissions" giving rise to any liability have occurred.

3. Venue is admitted, but it is denied that any "events or omissions" giving rise to any liability have occurred.

4. Denied for lack of knowledge.

5. Admitted.

6. This paragraph contains no allegations of facts which require a response. The various statutes recited in the paragraph speak for themselves. It is, however, specifically denied that any statutory authority requires the defendant "to ensure that only eligible voters are on the rolls."

7. It is denied that defendant has an obligation to maintain voter rolls "which only contain the names of eligible voters residing in Jefferson Davis County." The remainder of this paragraph contains legal conclusions which require no response. The various statutes cited in the paragraph speak for themselves.

8. This paragraph contains no allegations of facts which require a response. The paragraph contains only legal conclusions. The various statutes recited in the paragraph speak for themselves.

9. This paragraph contains no allegations of facts which require a response. The paragraph contains only legal conclusions. The various statutes cited in the paragraph speak for themselves.

10. It is admitted that the 2010 census data reports a voting age population of 9,536 in Jefferson Davis County, but the accuracy of the census data is denied. The remainder of the allegations of this paragraph are denied as incorrect or denied as stated.

11. Denied.

12. It is admitted that Circuit Judge Forrest Johnson ruled that 26 voting irregularities, including one instance of a person casting a vote in the name of a voter who had died, occurred during a 2007 election for circuit clerk in Jefferson Davis County, but it is affirmatively alleged that the issue about the one vote which was cast in the name of a voter who had died is the only one of the 26 irregularities that has any relevance with regard to the present litigation, and that Judge Johnson acknowledged in his Decision and Order that an issue existed as to whether the voter intended to vote in the name of the deceased registrant or in his own name which was the same, with the exception of the middle initial, as the name of the deceased registrant. The remainder of the allegations of this paragraph are denied.

13. It is admitted that the plaintiff sent a letter to Carolyn Rhodes. The defendant alleges affirmatively that the letter was lost. Accordingly, the remainder of the allegations of this paragraph are denied for lack of knowledge.

14. It is admitted that the plaintiff sent a letter to Carolyn Rhodes. The defendant alleges affirmatively that the letter was lost. Accordingly, the remainder of the allegations of this paragraph are denied for lack of knowledge.

15. It is admitted that the plaintiff sent a letter to Carolyn Rhodes.  The defendant alleges affirmatively that the letter was lost.  Accordingly, the remainder of the allegations of this paragraph are denied for lack of knowledge.

16. It is admitted that the plaintiff sent a letter to Carolyn Rhodes.  The defendant alleges affirmatively that the letter was lost.  Accordingly, the remainder of the allegations of this paragraph are denied for lack of knowledge.

17. Admitted.

18. Denied for lack of knowledge.

19. Denied for lack of knowledge.

20. Denied for lack of knowledge.

21. Denied.

22. Denied for lack of knowledge.

23. Denied.

24. Denied.

25. This paragraph requires no response.  If a response is necessary, the defendant incorporates its responses to paragraphs 1-24 of the Complaint.

26. Denied.

27. Denied.

28. Denied.

29. It is denied that the plaintiff is entitled to any remedy at law or otherwise.

30. This paragraph requires no response.  If a response is necessary, the defendant incorporates its responses to paragraphs 1-29 of the Complaint.

31. It is admitted that the defendant did not respond to a letter written to it by the plaintiff.  The defendant alleges affirmatively that the letter was lost.  Accordingly, the defendant cannot admit

that data were requested, and cannot admit, therefore, that it wrongfully failed to produce data. The allegations of this paragraph are, therefore, denied for lack of knowledge.

32. Denied.

33. Denied.

34. It is denied that the plaintiff is entitled to any remedy at law or otherwise.

WHEREFORE, it is denied that the plaintiff is entitled to any of the relief it has requested, including all relief requested in sub-paragraphs 1 through 4 of its *ad dannum*, and defendant denies that the plaintiff is entitled to any relief whatsoever, and defendant prays affirmatively that at the conclusion of this litigation the Court will order the plaintiff to pay the defendant its reasonable attorneys' fees, litigation expenses, and costs as provided by law.

Dated: June 20, 2013

Respectfully submitted,

                                                      JEFFERSON DAVIS COUNTY
                                                      ELECTION COMMISSION

                                   by:   s/ Robert E. Sanders
                                            Robert E. Sanders, MSB #6446
                                            J. Wesley Daughdrill, MSB #9617

Young Wells Williams Simmons P.A.
4450 Old Canton Road, Suite 200
P.O. Box 23059
Jackson, MS 39225-3059
601.948.6100   Telephone
601.355.6136   Facsimile
<rsanders@youngwells.com>
<wes.daughdrill@youngwells.com>

5

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served this date via this Court's ECF system on the following:

>J. Christian Adams
>Election Law Center, PLLC
>300 N. Washington Street, Ste. 405
>Alexandria, VA   22314
>
>Henry Ross
>P.O. Drawer B
>Eupora, MS   39744
>
>H. Christopher Coates
>934 Compass Point
>Charleston, SC   29412

SO CERTIFIED, this 20th day of June, 2013.

>／s/ Robert E. Sanders
>Robert E. Sanders, MSB #6446